FILED
2018 Jul-18 AM 10:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | |
|---|---|
| JOE MURRAY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:17-cv-01195-KOB-JHE |
| GWENDOLYN GIVENS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on May 14, 2018, recommending that this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). (Doc. 9). The report notified plaintiff of his right to file objections within fourteen days of the report and recommendation (*id*.), and on May 29, 2018, the court received the plaintiff's objections (doc. 10).

In his complaint, construed liberally, the plaintiff asserted that in November 2016 Officer Hall made sexually derogatory comments to him; that in April 2017 at defendant Warden Givens' direction, various officers planted a knife and then used excessive force against the plaintiff upon "discovery" of the knife; and that in June 2017 defendant Warden Givens pushed the plaintiff into a microwave in retaliation for reporting the November 2016 derogatory comments. In response to the report and

recommendation of the magistrate judge, the plaintiff objects only to the conclusion that his claim against defendant Warden Givens for pushing him into the microwave failed to state an Eighth Amendment excessive force claim. (Doc. 10).

The plaintiff asserts that because he is blind and walks with a "blind stick," defendant Warden Givens could hear the plaintiff walking and therefore had to have planned to push the plaintiff into the microwave. (Doc. 10 at 3-4). In his objections, the plaintiff asserts for the first time that he twisted his ankle and, because he is blind, could not see to catch himself when pushed. (*Id*., at 4). However, whether the push by defendant Givens was intentional or accidental, it is still within the category of a "push or shove" causing no discernible injury. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (citations omitted). Although no requirement of a significant injury exists, a plaintiff must demonstrate more than a *de minimus* use of force to state a claim. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

Numerous cases within the Eleventh Circuit have found both the type of force and the type of injuries described here to fall short of a constitutional violation. *See Jones v. City of Dothan*, 121 F.3d 1456, 1460-61 (11th Cir. 1997) (officers slammed man against a wall, kicked his legs apart, forced him to raise his hands above his head; man suffered pain from raising hands due to prior stroke, and from kicking due to arthritic knees, and received medical treatment for knees thereafter; although force

was unnecessary, force used and injury inflicted were minor, and excessive force standard would not inevitably lead officer to conclude that force was unlawful, thus officer entitled to qualified immunity); *Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1559 (11th Cir. 1993) (pushing handcuffed individual against a wall, although unnecessary, was not plainly unlawful, and officer entitled to qualified immunity because "it was not clearly established that the amount of force he used ... was unlawful."); *Smith v. Sec'y, Dept. of Corrections,* 524 Fed. App'x 511, 513 (11th Cir. 2013) (minimal swelling around eye supported finding of *de minimus* force); *Ledlow v. Givens,* 500 Fed. App'x 910, 914 (11th Cir. 2012) (bloody nose with no lasting injury insufficient to constitute an Eighth Amendment violation); *McCall v. Crosthwait*, 336 Fed. App'x 871, 873 (11th Cir. 2009) (where officer pushed pre-trial detainee out of jail elevator, causing him to hit partially open steel cell door and fall against plexiglass window, and detainee suffered bruised shoulder and elbow, force was *de minimus*); *Johnson v. Moody*, 206 Fed. App'x 880, 885 (11th Cir. 2006) (minor nature of injury suggested that officer's pushing or kicking metal tray door on inmate's hand was *de minimis* use of force); *Sepulveda v. Burnside*, 170 Fed. App'x 119, 124 (11th Cir. 2006) (claim that officer on one occasion jerked inmate by the ankle while checking his leg shackles did not state constitutional violation); *Springs v. Lagravinese*, 2008 WL 2074415 (M.D. Fla. May 15, 2008) (inmate who was

grabbed by the arm, had it twisted behind him and was shoved into his cell did not support a finding malicious and sadistic purpose).

The plaintiff also argues that, because he is blind, defendant Givens should have considered the substantial risk of serious harm that could have befallen him when she pushed him. (Doc. 10 at 4). This argument mixes apples and oranges. A failure to intervene claim against a prison official arises in the Eighth Amendment deliberate indifference context. However, such standards do not apply to excessive force claims. Defendant Givens cannot be said to have failed to intervene to protect the plaintiff from her own actions. *See e.g., Ledlow*, 500 Fed.App'x at 914 (noting that an officer ***who is not*** a participant in the excessive force can still be liable if he fails to take reasonable steps to protect the victim) (citing *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002). The plaintiff's argument otherwise lacks merit.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the plaintiff's objections, the court **OVERRULES** plaintiff's objections. The court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

A Final Judgment will be entered.

This 18th day of July, 2018.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE